UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

DONNA SMITH,                      )
                                  )
        Plaintiff,                )   Civil Action No. 5:05-224-JMH
                                  )
                                  )
v.                                )
                                  )
                                  )   **MEMORANDUM OPINION AND ORDER**
WAL-MART STORES EAST, L.P.,       )
                                  )
        Defendant.                )


                   **      **      **      **      **

        This matter is before the Court on Plaintiff's motions in limine to exclude the following: the report and opinions of Dr. James S. Simpson, III [Record No. 29]; the report and opinions of Dr. Joseph Zerga [Record No. 29]; mention or evidence of Plaintiff's prior felony conviction and incarceration [Record Nos. 27 & 28]; the report and opinions of Dr. David Shraberg [Record Nos. 27 & 28]; and mention or evidence of Plaintiff's husband's prior felony conviction and incarceration [Record Nos. 27 & 28].

        The matters being ripe for review and the Court being sufficiently advised, discussion of each issue follows.

                        **DISCUSSION**

**1)   The report and opinions of Dr. Simpson**

        Plaintiff urges this Court to exclude the report and opinions of Dr. Simpson, a radiologist, as they are relied upon by Dr. Zerga in his report, due to the fact that Defendant did not disclose Dr.

Simpson as an expert witness pursuant to Fed. R. Civ. P. 26. Additionally, Plaintiff contends that her medical records were illegally disclosed to Dr. Simpson, and therefore, his report, as referenced in Dr. Zerga's report, should be excluded.

Both of Plaintiff's arguments for exclusion of Dr. Simpson's report fail. First, Defendant was not required to disclose Dr. Simpson as an expert witness because he will not be called to testify at trial. Fed. R. Civ. Pro. 26(a)(2). Furthermore, in forming his expert opinion as to Plaintiff's medical condition, Dr. Zerga, a neurologist, was entitled to rely on Dr. Simpson's report and opinion because it is the type of information reasonably relied on by neurology experts when forming their opinions. Fed. R. Evid. 703.

On February 27, 2006, Plaintiff signed a blank medical records release form which authorized her medical care providers to release her medical records and health information to Defendant or "any of its partners, employees, or agents," a classification into which both Dr. Zerga and Dr. Simpson fall. Due to Plaintiff's signed medical records release, Defendant's release of Plaintiff's medical records to Dr. Zerga, who subsequently released them to Dr. Simpson to aid in the formation of his opinion, was not in violation of the law. Accordingly, the Court declines to exclude Dr. Simpson's report on these grounds.

**2) The report and opinions of Dr. Zerga**

-2-

Plaintiff also petitions this Court to exclude the report and opinions of Dr. Zerga, who was disclosed as a testifying expert pursuant to Fed. R. Civ. P. 26(a)(2), as a sanction for both Defendant's failure to disclose Dr. Simpson and Defendant's disclosure of Plaintiff's medical records to Dr. Zerga and Dr. Simpson.  As previously discussed, Defendant was not required to disclose Dr. Simpson, the release of Plaintiff's medical records was authorized, and Dr. Zerga was entitled to rely upon Dr. Simpson's report and opinion in the formation of his own, therefore, these are not grounds to exclude the report and opinions of Dr. Zerga.

This Court also declines to impose sanctions on Defendant in the form of exclusion of Dr. Zerga's report or reimbursement to the plaintiff for the cost of Plaintiff's reply, as there is no evidence that Defendant intentionally failed to redact the personally identifying information contained in Dr. Zerga's report (attached as Exhibit 1 [Record No. 33-2] to Defendant's response [Record No. 33-1]), and the error was hastily corrected.

### 3) Evidence of Plaintiff's prior felony conviction

On November 17, 1997 and October 6, 1997, Plaintiff and her husband, Glenn Smith, respectively, were convicted in the United States District Court for the Eastern District of Kentucky for distributing cocaine, an offense punishable by imprisonment in excess of one year.  Plaintiff's husband was incarcerated at a federal prison facility in Florida, while Plaintiff was incarcerated

at the Federal Medical Center in Lexington.   During her incarceration at the Federal Medical Center, Plaintiff was treated for medical conditions, thus generating medical records and health information.   Plaintiff's husband was released from imprisonment on June 12, 1998, and Plaintiff was released on September 4, 1998.

Plaintiff requests that at the trial of this matter, this Court preclude mention or evidence of her felony conviction and incarceration and the "legal problems" and "alleged drug use or dealing" surrounding them, as such information is irrelevant and prejudicial.   Contrary to Plaintiff's assertions, evidence of her crime and incarceration may, and shall, be admitted.   Fed. R. Evid. 609(a)(1) provides: "For the purpose of attacking the credibility of a witness, evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . . ."   Pursuant to this rule, Plaintiff's prior felony conviction is admissible.   Evidence of the conviction is not admissible if more than ten years have passed since the date of conviction or the date of release from confinement for the offense convicted, whichever is later.   Fed. R. Evid. 609(b).   Plaintiff was released from confinement on September 4, 1998, less than ten years ago, therefore, Fed. R. Evid. 609(b) is satisfied.

A plaintiff's prior felony is relevant to the credibility of her testimony.   *United States v. Vandetti*, 623 F.2d 1144, 1150 (6th

Cir. 1980) (stating that "the credibility of a witness is always relevant"). Because this Court finds that evidence of Plaintiff's conviction and incarceration is relevant and that the probative value of the effect of Plaintiff's conviction on her credibility is not substantially outweighed by the danger of unfair prejudice, as prohibited by Fed. R. Evid. 403, it shall be admitted pursuant to Fed. R. Evid. 609.

**4) The report and opinions of Dr. Shraberg**

Plaintiff objects to the admission of Dr. Shraberg's independent medical report and the opinions contained therein because it references her incarceration and her medical records from the Federal Medical Center. For the reasons discussed above, evidence of Plaintiff's conviction is not itself excluded, therefore, mention of the same in Dr. Shraberg's report is not grounds to exclude Dr. Shraberg's report. Additionally, Dr. Shraberg, a neuropsychiatrist, is entitled to reasonably rely on Plaintiff's medical records from the Federal Medical Center in forming his expert opinion; therefore, mention of such records does not provide a basis for excluding Dr. Shraberg's report.

**5) Evidence of Plaintiff's husband's prior conviction**

Much like evidence of Plaintiff's conviction, the conviction of her husband, Glenn Smith, is relevant and admissible to the extent that Fed. R. Evid. 609 allows. It has not been more than ten

years since Mr. Smith's release from confinement on June 12, 1998,
therefore, Fed. R. Evid. 609(b) is satisfied.   At this time,
however, it is not evident that Mr. Smith's felony conviction will
be relevant in the instant case; therefore, Plaintiff's motion to
exclude evidence of her husband's prior felony conviction is
granted.

**6) Testimony regarding the motives of Plaintiff's physicians
or counsel**

Finally, Plaintiff requests this Court order that at the trial
of this matter no one is to opine as to the motives of Plaintiff's
physicians or counsel.   Plaintiff's request for exclusion of such
material was prompted by a statement in Dr. Shraberg's report which
read:

> A Nils Varney, Ph.D., in collaboration with a Robert
> Trainor and Marc Hines, M.D., as well as a Dr. Hain have
> essentially manufactured a case here, attempting to prove
> some sort of traumatic brain injury based upon what I
> would consider to be extraordinarily inaccurate and
> misleading information. (Shraberg report at 6).

While Dr. Shraberg may state that in his expert opinion there
is no medical basis for or evidence of Plaintiff's alleged injury,
it is inappropriate for him, or others, to opine as to the
underlying motives of Plaintiff's physicians or counsel in this
case.   As such, irrelevant statements regarding the motives of
Plaintiff's physicians or counsel shall be excluded from
presentation at trial.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) that Plaintiff's motion in limine to exclude the June 8, 2006, report, and any opinions stated therein, of Dr. James S. Simpson, III, contained in the report of Dr. Joseph Zerga [Record No. 29] be, and the same hereby is, **DENIED;**

(2) that Plaintiff's motion in limine to exclude the June 9, 2006, report, and any opinions contained therein, of Dr. Joseph Zerga [Record No. 29] be, and the same hereby is, **DENIED;**

(3) that Plaintiff's request, contained in her reply [Record No. 45], that this Court impose sanctions on Defendant by ordering reimbursement for the cost of Plaintiff's reply be, and the same hereby is, **DENIED;**

(4) that Plaintiff's motions in limine to preclude from any mention or evidence at trial her prior felony conviction and incarceration [Record Nos. 27 & 28] be, and the same hereby are, **DENIED;**

(5) that Plaintiff's motions in limine to exclude the June 1, 2006, report of  Dr. David Shraberg [Record Nos. 27 & 28] be, and the same hereby are, **DENIED;**

(6) that Plaintiff's motions in limine to prelude from mention at trial her husband's prior felony conviction and incarceration

-7-

[Record Nos. 27 & 28] be, and the same hereby are, **GRANTED** until such time as this information may become relevant to the instant case.

(7) that Plaintiff's motion in limine to exclude opinions regarding the motives of her physicians and counsel [Record No. 28] be, and the same hereby is, **GRANTED**.

This 14th day of September, 2006.



**Signed By:**

**_Joseph M. Hood_**

**United States District Judge**